# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LARRY M. GRANT, individually and
on behalf of all others similarly situated,

        Plaintiff,                  Case No. 8:19-cv-1808-T-02SPF

v.

JP MORGAN CHASE & CO.,

        Defendant.
_____/

## **ORDER**

This matter is before the Court on Defendant's Motion to Compel Arbitration and Dismiss the Action. (Dkt. 31). Plaintiff filed a response in opposition (Dkt. 36) and Defendant replied (Dkt. 37). After hearing argument on October 11, 2019, and carefully reviewing the file and applicable law, the Court grants in part and denies in part Defendant's motion (Dkt. 31). The Court compels arbitration and stays the case. The Court denies Defendant's request to dismiss this action.

**I.    Procedural Background**

Plaintiff Larry M. Grant initiated this action in state court on June 14, 2019, against his former employer, Defendant JP Morgan Chase. Plaintiff sues on behalf of himself and others similarly situated for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). (Dkt. 1-1).

Defendant timely removed the case to this court on July 24, 2019. (Dkt. 1). A motion to certify the class has not yet been filed.

Plaintiff filed an Amended Complaint on August 1, 2019. (Dkt. 4). In his Amended Complaint, Plaintiff alleges that while an employee of Defendant, he was covered under a health plan through Defendant. *Id.* ¶ 18. Plaintiff complains that after he was terminated on March 30, 2019, Defendant failed to properly give him lawful notice of his ability to continue his health coverage through COBRA. *Id.* ¶¶ 1, 18. Plaintiff alleges that Defendant's notice violates the statute and is defective because it is incomplete and presented piece-meal. *Id.* ¶ 6. He contends the multi-part notice is confusing and fails to "be written in a manner calculated to be understood by the average plan participant" in violation of 29 C.F.R. § 2590.606-4(b)(4)(v). *Id.* ¶¶ 47–53, 59–61. Additionally, he claims violations of the statutory provisions requiring identification of the plan administrator and disclosure of the address to send payments. *Id.* ¶¶ 43–46, 54–58.

Defendant moved to dismiss the amended complaint on August 15, 2019. (Dkt. 11). Plaintiff sought two unopposed extensions of time, which were granted by the Court, *see* Dkts. 16, 17, 27, 28, and thus he has not yet had to respond to the motion to dismiss.

Defendant sought to have this case designated as a Track 3 case, which the Court denied without prejudice. (Dkts. 15, 19). The parties participated in a meeting

of counsel and on August 29, 2019, filed a Case Management Report. (Dkt. 23). Thereafter, the Court entered a Scheduling Order on August 30, 2019. (Dkt. 24).

Pending before the Court is Defendant's Motion to Compel Arbitration and Dismiss the Action (Dkt. 31) that was filed September 16, 2019. Plaintiff filed a response in opposition (Dkt. 36), and Defendant replied (Dkt. 37). A hearing on the motion was held October 11, 2019.

## II. Arbitration Agreement

As part of his employment with Defendant, Plaintiff signed an arbitration agreement ("Agreement") in October 2013 when he was hired as a Student Lending Loan Representative. (Dkt. 31-2). The Agreement provided as follows:

> "Covered Claims" (as defined below) between me and JPMorgan Chase (collectively "Covered Parties" or "Parties" . . .) shall be submitted to and resolved by final and binding arbitration in accordance with this Agreement.

*Id.* at 4. The Agreement defined "Covered Claims" to include:

> [A]ll legally protected employment-related claims . . . that I now have or in the future may have against JPMorgan Chase . . . which arise out of or relate to my employment or separation from employment with JPMorgan Chase and all legally protected employment-related claims that JPMorgan Chase has or in the future may have against me, including, but not limited to . . . violations of any other common law, federal, state, or local statute, ordinance, regulation or public policy . . .

*Id.* Excluded claims under the Agreement included "(d) claims for benefits under a plan that is governed by [ERISA]." *Id.* Additionally, the Agreement required claims to be submitted individually, and not on a class or collective basis. *Id.* at 5.

The Agreement had an amendment provision which provided:

> JPMorgan Chase reserves the right to amend, modify or discontinue this Agreement at any time in its sole discretion to the extent permitted by applicable law. Such amendments may be made by publishing them on the JPMorgan Chase Intranet or by separate notification to me and shall be effective 30 calendar days after such amendments are provided to me and will apply on a going-forward basis only. Amendment, modification or discontinuation of the Agreement will not affect pending arbitration proceedings. Continuation of my employment after receiving such amendments or modifications will be considered my acceptance of the amended terms.

*Id.* at 8. The Agreement included a standard severability clause as follows: "[i]f any part of this Agreement is held to be void or unenforceable, the remainder of the Agreement will be enforceable and any part may be severed from the remainder as appropriate, to the extent permitted by law." *Id.*

### III. Legal Standard

The Federal Arbitration Act ("FAA") instructs that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, the FAA mirrors federal policy strongly favoring resolution of disputes through arbitration. *See AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (stating that section 2 of the FAA reflects a liberal federal policy favoring arbitration) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473

U.S. 614, 631 (1985) (recognizing "emphatic federal policy in favor of arbitral dispute resolution"). This policy "requires courts to enforce the bargain of the parties to arbitrate[.]" *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985)).

## IV. Discussion

Citing federal policy favoring arbitration under the FAA, Defendant urges this Court grant its motion to compel Plaintiff to arbitrate his employment dispute. Specifically, Plaintiff's Amended Complaint sues Defendant for statutory violations in allegedly failing to provide him with lawful notice pursuant to COBRA of his option to continue medical insurance coverage after his termination. Pursuant to the Agreement, statutory violations fall within the covered claims. *See* Dkt. 31-2 at 4.[1]

"Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999) (citations omitted). Plaintiff's primary challenge is that Defendant has waived its right to arbitrate. (Dkt. 36 at 1–8). Plaintiff is correct that "a party may, by its conduct, waive

---

[1] Plaintiff's claim is not one in which he is seeking to *recover benefits* under ERISA, and thus the provision excluding ERISA claims, *see* Dkt. 31-2 at 4, would not apply to exempt his claims from arbitration.

its right to arbitration." *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)).

To demonstrate waiver, Plaintiff must first establish that Defendant "acted inconsistently with the arbitration right." *S & H Contractors, Inc.*, 906 F.2d at 1514 (citation omitted). Plaintiff may show this by demonstrating Defendant substantially invoked "the litigation machinery prior to demanding arbitration." *Id.* Next, Plaintiff must show that, in so acting, Defendant has "in some way prejudiced the other party." *Id.* "Because federal policy strongly favors arbitration, the party who argues waiver bears a heavy burden of proof under this two-part test." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n.17 (11th Cir. 2011) (internal quotation marks omitted). Plaintiff fails to discharge this heavy burden here.

Although Defendant did prepare a lengthy motion to dismiss, Plaintiff was never required to submit a response to the motion. A review of the pleadings and the docket reveals no deposition or written discovery has taken place to date, and the motion practice (other than the motion to dismiss which has not been responded to or ruled upon) has not been significant. Plaintiff claims Defendant's delay in requesting arbitration constitutes a waiver. However, the case law cited by Plaintiff for this proposition, *see* Dkt. 36 at 4, involved cases with much more significant delays than the approximate three months here. *See S & H Contractors*, 906 F.2d at 1514 (defendant waited 8 months to compel arbitration); *Krinsk*, 654 F.3d at 1201

6

(delay of 9 months before seeking to compel arbitration); *Garcia*, 699 F.3d at 1277–78 (over one- year delay before defendant sought to compel arbitration). Thus, the Court finds Plaintiff fails to demonstrate that Defendant actively litigated the dispute or unduly delayed requesting arbitration. As no discovery or significant motion practice has been undertaken, Plaintiff fails to show prejudice by way of expenses incurred from participating in the litigation process. The Court finds no waiver.

Plaintiff next argues the Agreement is unenforceable because of the unilateral provision permitting Defendant to amend the Agreement. As Defendant points out, however, in viewing the Agreement as a whole, safeguards are in place, including aa 30-day notice requirement for amendment and that there may be no amendment if arbitration is already underway. An employee could refuse the Agreement by quitting. And no amendment has happened in Plaintiff's case. In any event, if the provision to permit Defendant to amend is deemed unenforceable, it may be severed from the Agreement without impacting the remainder of the Agreement.

For these reasons, Defendant's motion to compel arbitration is due to be granted. Defendant requests this Court dismiss the action. The Court declines to do so. Pursuant to *Bender v. A.G. Edward & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992), this Court has no authority to dismiss Plaintiff's claims. In *Bender*, the Eleventh Circuit stated that although the district court properly determined that the claims

were subject to arbitration, it "erred in dismissing the claims rather than staying them." *Id.* at 699.[2] Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss Action (Dkt. 31) is **granted in part** to the extent the Court compels the parties to arbitration. The motion (Dkt. 31) is **denied** to the extent it seeks dismissal. This case is **stayed** pending further order of court while the parties arbitrate the dispute. The parties are directed to file a joint status report **every 90 days** with the first report being due **January 14, 2020**. The Clerk is directed to administratively **close** the case.

**DONE AND ORDERED** in Tampa, Florida on October 16, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
**Counsel of Record**

---

[2] "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, ... shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ..." 9 U.S.C. § 3. Other judges in this district abide by *Bender. See, e.g., Giraud v. Woof Gang Bakery*, No. 8:17-cv-2442-T-26AEP, 2018 WL 2057814, at *2 (M.D. Fla. May 3, 2018); *Craig v. Total Quality Logistics, LLC*, No. 8:16-cv-2970-T-24AEP, 2017 WL 1533840, at *3 (M.D. Fla. Jan. 30, 2017).